UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | Case No. 26-48655 |
| LEE MARVIN SCOTT, JR., *pro se*, | Chapter 7 |
| Debtor. | Judge Thomas J. Tucker |

_________________________________ /

**ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION**

This case is before the Court on the Debtor's motion entitled "Debtor's Motion for Reconsideration of Relief From Automatic Stay," filed on October 16, 2026 (Docket # 58, the "Motion"), which the Court construes as a motion for reconsideration of, and for relief from, the Court's October 14, 2026 Order entitled "Order Granting Relief From the Automatic Stay" (Docket # 57, the "Stay Relief Order"). The Court will deny the Motion, for the following reasons.

First, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* Local Rule 9024-1(a)(3).

Second, the allegations in the Motion do not establish excusable neglect under Fed. R. Civ. P. 60(b)(1), Fed. R. Bankr. P. 9024, or any other valid ground for relief from the Stay Relief Order.

Third, even if the Debtor had timely filed a response to the stay-relief motion at issue (Docket # 53, the "Stay Relief Motion"), the Court would have granted that motion and entered the same order, in substance, as the Stay Relief Order (Docket # 57), for the following reasons.

The Debtor's Motion says that the Debtor "intends to . . . assume the lease, and cure any

outstanding post- or pre-petition balances." (Motion at ¶ 7). But in this Chapter 7 case, there is no Bankruptcy Code authority for the Debtor to assume the lease at issue, which is a lease of residential real property. First, the lease shows that it expired on March 31, 2026, several months before the Debtor filed this bankruptcy case on August 3, 2026. (*See* paragraph 1(b) of the lease, attached to the Stay Relief Motion, Docket # 53 at pdf p. 9). Second, even if the lease had not expired pre-petition, or was continuing as a month-to-month lease as of the bankruptcy petition date, only the Chapter 7 Trustee could assume such a lease, under 11 U.S.C. § 365(d)(1), and the Trustee failed to assume this lease by the 60 day deadline in § 365(d)(1), which was October 2, 2026, so the lease was "deemed rejected" by the bankruptcy estate beginning on October 3, 2026. *See* 11 U.S.C. § 365(d)(1).

Third, the Debtor could not assume any lease of residential real property in this Chapter 7 case; rather, the Bankruptcy Code permits the debtor in a Chapter 7 case to assume only a lease of *personal* property, under 11 U.S.C. § 365(p).

Fourth, given that the Chapter 7 Trustee is deemed to have rejected the lease at issue, and that the Trustee did not object to the Stay Relief Motion, the Court finds that no legitimate bankruptcy-related purpose would be served by continuing the automatic stay in this Chapter 7 case, with respect to the real property and lease at issue. As a result. there is "cause" under 11 U.S.C.§ 362(d)(1) to grant relief from stay, as was done in the Stay Relief Order.

For these reasons,

IT IS ORDERED that the Motion is (Docket # 58) is denied.

**Signed on October 16, 2026**

**/s/ Thomas J. Tucker**

**Thomas J. Tucker**
**United States Bankruptcy Judge**